**UNITED STATES of America, Plaintiff,**

v.

**PHILIP MORRIS USA, INC.,**
**f/k/a/ Philip Morris Inc.,**
**et al., Defendants.**

**No. CIV.A. 99–2496(GK).**

United States District Court,
District of Columbia.

Feb. 3, 2004.

Sharon Yvette Eubanks, Renee Brooker, Stephen Dudley Brody, U.S. Department of Justice, Tobacco Litigation Team, Washington, DC, for Plaintiff.

Alfred McDonnell, Amy L. McGinnis, Amy Elizabeth Ralph, Anne McBride Walker, Duane J. Mauney, Floyd E. Boone, Jr., James Miller Rosenthal, Jeanna Maria Beck, Jonathan Louis Stern, Kendall Millard, Kevin M. Green, Leslie Wharton, Melissa L. Marglous, Michael R. Geske, Murray R. Garnick, Peter Thomas Grossi, Jr., Ryan David Guilds, Sharma Jnatel Simmons, Sharon L. Taylor, Stacy J. Pollock, Susan Louise Lyndrup, Brian K. Esser, Arnold & Porter, Washington, DC, Ashley Cummings, Hunton & Williams, Atlanta, GA, Ben M. Germana, Jeffrey M. Wintner, Wachtell, Lipton, Rosen & Katz, C. Ian Anderson, Davis, Polk & Wardwell, New York City, Bradley E. Lerman, Dan K. Webb, Elizabeth D. Jensen, Jeffrey Wagner, Kevin J. Narko, Luke A. Palese, Winston & Strawn, Ricardo E. Ugarte, Thomas J. Frederick, Chicago, IL, Cindy L. Gantnier, Patricia M. Schwarzschild, Erik D. Nadolink, Richard H. Burton,

Hunton & Williams, Richmond, VA, Daniel C. Jordan, Hunton & Williams, McLean, VA, Herbert M. Wachtell, Steven M. Barna, Wachtell, Lipton, Rosen & Katz, New York City, James Lewis Brochin, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Lauren J. Bernstein, Winston & Strawn, New York CIty, Nick Malhotra, Arnold & Porter, LLP, Washington, DC, Robert M. Rader, Thomas M. Stimson, Timothy M. Broas, Winston & Strawn LLP, Washington, DC, Seth Barrett Tillman, U.S. District Court for the Middle District of Alabama, Montgomery, AL, for Defendants.

## *MEMORANDUM OPINION*

KESSLER, District Judge.

The Special Master has issued Report & Recommendation # 132, recommending that the United States' Motion to Compel Defendants to Produce Documents Stored at Their Law Firms ("Law Firm Motion") be **denied**, and that Defendant Philip Morris USA, Inc.'s Motion for Leave to File Praecipe or, Alternatively, Surreply to Correct Certain Factual Misstatements in United States' Response to Defendants' Surreply Memoranda Filed in Opposition to the United States' Motion to Compel Defendants to Produce Documents Stored at Their Law Firms be **denied**. The United States has now filed an Objection to Report & Recommendation # 132, Defendants have filed an Opposition, and the United States has filed a Reply. Upon consideration of all the pleadings, as well as the entire record in this case, the Court concludes that Report & Recommendation # 132 should be **adopted**.

The Special Master has written a 54–page Opinion which meticulously details why the Government's Motion to Compel should be denied. The Court finds that Opinion to be totally persuasive. There is no reason to simply repeat either the facts, which the Special Master has set forth both in context and in great detail, or the reasons upon which he based his conclusion. His reasons are sound and totally justified in light of the procedural history of this case, the Court's determination to try this case on September 13, 2004, and the most recent re-affirmation by the Court of Appeals that at times "District Courts need powerful tools to manage their dockets [and] prevent undue delay." *The English Speaking Union v. James Johnson*, 353 F.3d 1013 (D.C.Cir.2004).

The Court wishes to emphasize the following points in support of the Special Master's Report & Recommendation.

1. The Government knew, as early as May 26, 2000, as discovery was just beginning, that no Defendant was including outside counsel in its responses to Case Management Order # 6. On August 22, 2000, the United States served its formal Comprehensive Requests for Production of Documents, calling for production of "documents in the possession, custody or control of ... attorneys." In September 2000, the Defendants objected to the Government's Preliminary Requests for Production of Documents insofar as the Requests sought documents in the possession of third parties or not in the possession, custody, or control of the Defendants. Defendants reiterated at the parties' meet and confer sessions in September 2000, their objections to the Comprehensive Requests for Production insofar as they sought documents in the possession of third parties or documents not in the possession, custody, or control of the Defendants. On November 6, 2000, Defendants served their formal responses and objections after having informed the United States that they were not searching third-party files. In short, as the Special Master concluded, "Plaintiff knew years ago that Defendants were not going to search and produce third party documents, including those at the Defendants' law firms," and, therefore, Plaintiff should have known that the Law Firm Motion was going to be necessary. Report & Recommendation # 132 at 12.

2. Despite that knowledge, and the knowledge that the document production responsive to CMO # 7[1] was both extraordinarily important to the case it wished to

---

1. CMO # 7 (August 15, 2000) directed the parties, *inter alia*, to meet and confer by September 15, 2000 "to discuss the scope of the parties' discovery obligations ... includ[ing] ... discovery from related non-parties." CMO # 7, ¶ 6A.

present[2] and extraordinarily sensitive because it demanded that all Defendants search the files of both their own law firms and outside law firms which had represented them during the lengthy period covered by the Comprehensive Requests, the Government did not file the pending Law Firm Motion until February 5, 2003.

3. During the two and a half years between filing the Comprehensive Requests for Production of documents on August 22, 2000, and the filing of the Law Firm Motion on February 5, 2003, the Government also attempted to issue third party subpoenas to 82 third parties, six of whom were current or former law firms of Defendants. That process was begun November 19, 2001 but was abandoned December 2, 2001 when Plaintiff advised Defendants that it would not be issuing law firm subpoenas at that time. Plaintiff never again utilized the procedure of third party subpoenas.

4. Parties were allowed, under Case Management Order # 37, 15 months to take depositions of fact witnesses. Plaintiff claims that it did not have sufficient information to file the pending Law Firm Motion until it took the depositions of attorneys from Covington & Burling and Shook, Hardy & Bacon.[3] However, the Government waited until June, 2002, virtually at the end of the deposition period, to choose to take the depositions

of those lawyers who Plaintiff believed would provide significant and relevant information relating to its charges of law firm participation in the RICO conspiracy.

5. Assuming the information the Government seeks in the Law Firm Motion is so vitally important to its case, it never adequately explains why it abandoned its efforts to serve subpoenas on many of the law firms used by Defendants, why it waited so long to depose key lawyers at Covington & Burling and Shook, Hardy & Bacon, or why it failed to file its Law Firm Motion far earlier than February 2003, when it knew the position of all Defendants as early as May 2000. This failure to explain its conduct is particularly telling in light of the enormous size of the production that the Government is seeking.[4] As the Special Master summarized the issue: "[i]f the involvement of Defendants' law firms was such a critical factor in the alleged racketeering enterprise, one must question why the filing of the Motion was delayed, particularly where the positions of the Defendants were long-standing and well-known." Report & Recommendation # 132 at 29–30.

6. On the basis of the record and his extensive experience overseeing discovery in this case, the Special Master concluded, and the Court agrees, that "the practical effect of granting this Motion may well jeopardize the trial date, which was set at a time when

---

2. Plaintiff argues that "[f]or decades, a significant amount of the effort undertaken by defendants in furtherance of the goals of the racketeering enterprise alleged by the United States in this action has been shouldered by defendants' representative law firms." It further contends that "as discovery in this case has progressed, the United States has developed evidence showing the extent to which defendants used their law firms—particularly Shook, Hardy & Bacon and Covington & Burling—as document repositories. Indeed, many defendants contracted with the firms to catalog, organize, and store their documents. Not only were law firms used as repositories, but lawyers at these firms represented the industry and its trade groups, including the Center for Indoor Air Research (CIAR) and defendants TI and CTR, for decades." Finally, Plaintiff concludes that "[t]he evidence developed shows that outside counsel not only acted on behalf of individual tobacco companies, but also were instrumental in establishing, participated in, perpetuated and furthered the goals of the very racketeering enterprises alleged by the United States.... Indeed, Plaintiff charges that 'out-

side counsel, particularly Shook, Hardy & Bacon and Covington & Burling, were the architects of the tobacco industry's efforts to dispute the health effects of exposure to ETS.'"

3. Given the "potential importance of the overall legal issues underlying the instant Motion as asserted by Plaintiff and the likely numerical magnitude of the documents involved," both of which were "presumably evident years ago," the Special Master found this argument to be "not persuasive." Report and Recommendation # 132 at 13. The Court agrees.

4. Defendants' declarations asserted that the " 'firms collectively have tens of thousands of linear feet of files relating to their representations of defendants that include hundreds of millions of pages of documents, as well as substantial additional volumes of electronically-stored documents.'" Report & Recommendation # 132 at 15, quoting from declarations from 13 of Defendants' current national coordinating law firms for smoking and health actions.

Plaintiff knew the issues related to the instant Motion and the underlying magnitude of the documents involved."[5] Report & Recommendation # 132 at 26. The Special Master is unquestionably correct that

if this Motion were granted, Defendants would embark on a time-consuming process of searching for and identifying documents. Defendants would then, in all likelihood, produce voluminous privilege logs to Plaintiff for which meet and confers would have to be scheduled. After completion of the meet and confers, Plaintiff assuredly would file motions to compel, which would be followed by oppositions and reply memoranda. Even if the parties could accomplish this in a short period of time—which the declarations suggest is unlikely—it appears that the decisional process might well overlap with the present scheduled commencement of the trial.

Report & Recommendation # 132 at 26–27. Plaintiff's argument, no matter how vigorously presented, simply cannot overcome the force of the Special Master's practical assessment of the situation and realistic prediction about the results that will inevitably flow from granting this Motion.

The Court is well aware that the Government considers this issue to be of compelling importance for the full and adequate presentation of its case. That may or may not be true. If it is not true, the Government suffers no prejudice from the adoption of Report & Recommendation # 132. If it is true, for all the reasons spelled out in great detail by the Special Master, the responsibility lies with the Government for its tactical decision to delay filing this Motion for two and a half years.

For the preceding reasons, the Court concludes that Report & Recommendation # 132 will be **adopted**.

An Order will accompany this Memorandum Opinion.

### ORDER # 488

Before the Court is Report & Recommendation # 132 of the Special Master. Upon consideration of Report and Recommendation # 132, the United States' Objection, Defendants' Opposition, the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion, it is this 3rd day of February, 2004,

**ORDERED** that Report and Recommendation # 132 of the Special Master be and hereby is **adopted**; and it is

**FURTHER ORDERED** that the United States' Motion to Compel Defendants to Produce Documents Stored at Their Law Firms be and hereby is **denied**; and it is

**FURTHER ORDERED** that Defendant Philip Morris USA Inc.'s Motion for Leave to File Praecipe Or, Alternatively, Surreply to Correct Certain Factual Misstatements in United States' Response to Defendants' Surreply Memoranda Filed in Opposition to the United States' Motion to Compel Defendants to Produce Documents Stored at Their Law Firms be and hereby is **denied**.

---

**5.** "The delay in all likelihood will have an impact on the ability of the parties to prepare properly for trial." Report & Recommendation # 132 at 13.